UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Madan PUTTASWAMY, | Case No.:  25-cv-3788-AGS-MSB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR EMERGENCY INJUNCTIVE RELIEF (ECF 21)** |
| v. | |
| Joseph B. EDLOW, et al., | |
| Defendants. | |

Self-represented plaintiff Madan Puttaswamy seeks emergency injunctive relief to "(1) declare the April 14, 2026 denial [of his visa] arbitrary, capricious, and unlawful under 5 U.S.C. § 706; (2) vacate the denial and remand for lawful reconsideration on the complete record; (3) maintain the status quo pending reconsideration; and (4) schedule an expedited telephonic status conference." (ECF 21, at 2.) In short, he claims that United States Citizenship and Immigration Services denied his "I-526E petition" for an EB-5 investor visa without considering a "1,000-page" evidentiary submission that addressed most or all the bases for denial. (*See* ECF 17, at 2.) USCIS's denial threatens Puttaswamy's ability to work in the United States and thus puts at stake his health insurance while his wife faces a "high-risk pregnancy." (ECF 21, at 5.) USCIS admits that "the agency's denial notice did not mention" the evidentiary submission "because the USCIS adjudicator never received it," notwithstanding plaintiff's evidence that USCIS signed for the documents months before its denial. (*See* ECF 20, at 2.) Rather than appeal the denial within USCIS, Puttaswamy sued and now seeks emergency injunctive relief, in the form of either a temporary restraining order or preliminary injunction, to undo USCIS's determination.

Emergency injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). Under the *Winter* test, plaintiffs seeking such relief must establish that: (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Id.*

at 20. Plaintiffs must typically show a "likelihood"—or "probability"—of prevailing. *Coffman v. Queen of the Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018). But under the Ninth Circuit's "sliding scale" approach, a plaintiff who merely raises "serious questions" about the merits is still entitled to preliminary relief if the other elements are met and the balance of equities "tips sharply in the plaintiff's favor." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (en banc); *see also Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (cleaned up)).

Despite significant equities in his favor, Puttaswamy has not clearly shown that he is likely to prevail on the merits, nor even raised serious questions on that score. The statute that governs the EB-5 program has a strict limitation that "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review a determination under this paragraph until . . . the alien investor has exhausted all administrative appeals." 8 U.S.C. § 1153(b)(5)(P)(ii). That same section establishes an "opportunity for an administrative appellate review by the Administrative Appeals Office of U.S. Citizenship and Immigration Services of any determination made under this paragraph, including . . . a petition by an alien investor for status as an immigrant under this paragraph." 8 U.S.C. § 1153(b)(5)(P)(i).

So, it appears the Court will be barred from hearing his claims because he seeks to challenge a USCIS "determination" under the EB-5 statute without first exhausting his administrative remedies. And the fact that his claims are based on the Administrative Procedures Act, 5 U.S.C. § 701 *et. seq.*, doesn't alter that result. After all, although the APA allows judicial review of certain agency actions, it does not "(1) affect[] other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The EB-5 administrative exhaustion requirement

2

has such an explicit limitation: it applies "notwithstanding any other provision of law (statutory or nonstatutory)." *See* 8 U.S.C. § 1153(b)(5)(P)(ii).

Every court that has faced a similar issue has ruled that this statutory limitation—8 U.S.C. § 1153(b)(5)(P)(ii)—divests jurisdiction over APA claims until administrative appeals have been exhausted. *See Pacific Nw. EB-5 Reg'l Ctr. v. Noem*, No. C25-0597-KKE, 2025 WL 2645656, at *2 (W.D. Wash. Sept. 15, 2025) (rejecting an APA claim because the law "includes an exhaustion requirement for judicial review of EB-5 determinations"); *Cai v. Immigrant Inv. Program Off.*, No. CV 25-1289 (RC), 2026 WL 713582, at *5 (D.D.C. Mar. 15, 2026) (same); *Desai v. Emmel*, No. 25-cv-05123-RFL, 2026 WL 485695, at *5 (N.D. Cal. Feb. 20, 2026) (same); *see also Delaware Valley Reg'l Ctr., LLC v. United States Dep't of Homeland Sec.*, 106 F.4th 1195, 1206 (D.C. Cir. 2024) (noting that to bring an APA challenge in the EB-5 context "an unsuccessful applicant may seek judicial review of that final agency action in this court" only after following "USCIS's internal procedures").

Still, Puttaswamy argues that requiring such exhaustion is not necessary when doing so would be "futile" or "the administrative remedy is 'inadequate' to prevent irreparable injury." (ECF 21, at 7.) First, it's not clear that it would be futile or inadequate—the notice he received specifically invited him to submit "additional evidence" to allow consideration of the overlooked materials. (ECF 17-2, at 12.) Regardless, "[n]o doubt, judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions" like futility or inadequacy. *Ross v. Blake*, 578 U.S. 632, 639 (2016); *see also Carr v. Saul*, 593 U.S. 83, 88, 93 (2021) (discussing a "judicially created issue-exhaustion requirement" in Social Security cases, including a "futility exception" to it). "But a statutory exhaustion provision stands on a different footing." *Ross*, 578 U.S. at 639. "There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id.* "For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* So it appears unlikely he will

3

prevail on his futility or inadequacy arguments—or even be allowed to rely on those doctrines—and his likelihood of success remains low.

"Likelihood of success on the merits is the most important" factor in considering emergency injunctive relief. *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (cleaned up). "[I]f a movant fails to meet this threshold inquiry the court need not consider the other factors." *Id*. (cleaned up). As the likelihood of success appears very low, Puttaswamy's motion is **DENIED**. The underlying jurisdictional motion, however, is not yet fully briefed. The Court will take up the jurisdictional issue in greater depth at the upcoming hearing.

Dated:  May 15, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

25-cv-3788-AGS-MSB