UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Madan PUTTASWAMY,<br>Plaintiff,<br>v.<br>Joseph B. EDLOW, et al.,<br>Defendants. | Case No.: 25-cv-3788-AGS-MSB<br>**ORDER GRANTING MOTION TO DISMISS (ECF 20) AND DENYING MOTION TO AMEND (ECF 28)** |

Self-represented plaintiff Madan Puttaswamy seeks to overturn a decision by United States Citizenship and Immigration Services denying his "I-526E petition" for an EB-5 investor visa without considering a "1,000-page" evidentiary submission. (*See* ECF 17, at 2.) USCIS and its director—the defendants here—move to dismiss Puttaswamy's complaint for, among other things, jurisdictional defects. (*See* ECF 20.) The Court concludes that it lacks jurisdiction to hear Puttaswamy's claims. This ruling also forecloses his requested second amended complaint.

As this Court explained in its prior order denying emergency injunctive relief, the statute that governs the EB-5 program has strict jurisdictional limitations. That is, "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review a determination under this paragraph [relating to the allocation of immigrant visas] until . . . the alien investor has exhausted all administrative appeals." 8 U.S.C. § 1153(b)(5)(P)(ii); (*see also* ECF 25). That same statutory section establishes the method for such administrative appeals. An "alien investor," such as Puttaswamy, who is denied "status as an immigrant," may seek "an administrative appellate review by the Administrative Appeals Office of U.S. Citizenship and Immigration Services." 8 U.S.C. § 1153(b)(5)(P)(i). It appears that Puttaswamy sued USCIS without ever pursuing such an administrative appeal. But his claims are grounded in the Administrative Procedure Act, which does not grant this Court jurisdiction when another statutory section explicitly denies it. *See* 5 U.S.C. § 702 (noting that the APA does not "(1) affect[] other limitations on

judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.”). Thus, this Court cannot consider this matter. *See* 8 U.S.C. § 1153(b)(5)(P)(ii).

Every court that has faced a similar issue has ruled that § 1153(b)(5)(P)(ii) divests jurisdiction over APA claims until administrative appeals have been exhausted. *See Pacific Nw. EB-5 Reg'l Ctr. v. Noem*, No. C25-0597-KKE, 2025 WL 2645656, at *2 (W.D. Wash. Sept. 15, 2025) (rejecting an APA claim because the law “includes an exhaustion requirement for judicial review of EB-5 determinations”); *Cai v. Immigrant Inv. Program Off.*, No. CV 25-1289 (RC), 2026 WL 713582, at *5 (D.D.C. Mar. 15, 2026) (same); *Desai v. Emmel*, No. 25-cv-05123-RFL, 2026 WL 485695, at *5 (N.D. Cal. Feb. 20, 2026) (same); *see also Delaware Valley Reg'l Ctr., LLC v. United States Dep't of Homeland Sec.*, 106 F.4th 1195, 1206 (D.C. Cir. 2024) (noting that, to bring an APA challenge in the EB-5 context, “an unsuccessful applicant may seek judicial review of that final agency action in this court” only after following “USCIS's internal procedures”).

Forearmed with this Court's previous discussion of these issues at the preliminary-injunction stage, Puttaswamy has somewhat shifted his earlier position and now argues that “the statute does not purport to insulate the agency's failure to make” a decision. (ECF 29, at 3.) According to Puttaswamy, his “Amended Complaint includes a claim under 5 U.S.C. § 706(1) to compel agency action unreasonably delayed and unlawfully withheld—a claim that, by definition, does not ask the Court to ‘review a determination’ at all, but to compel one where none has issued within a reasonable time.” (*Id.*) But those aren't our facts. No such claim exists in the amended complaint. Nor could it, as currently pleaded. In the amended complaint, Puttaswamy is clear that a determination *was* issued; he just believes that it was unlawful. (*See* ECF 17, at 4 (alleging, in his claim for relief for “Violation of 5 U.S.C. § 706,” that the petition's “*denial* is unlawful as it relied on a manifest mistake of fact and was issued with the improper motive of avoiding judicial review while disregarding a family medical crisis” (emphasis added)).)

This same jurisdictional principle requires the Court to deny Puttaswamy's pending motion to amend. After this case was originally filed, Puttaswamy "and his spouse refiled their EB-5 petition and adjustment-of-status applications" and "submitted a formal expedite request" based on "USCIS's own conceded service error." (ECF 28, at 3.) USCIS "denied that [new] request." (*Id.*) In his proposed second amended complaint, Puttaswamy seeks to add an APA claim that this latest denial was also invalid. But he again admits that he "refiled" here "rather than pursue" relief through USCIS's "appellate process." (*Id.*) The jurisdictional analysis is exactly the same as before, so this Court cannot consider the new claim in the second amended complaint either. *See* 8 U.S.C. § 1153(b)(5)(P)(ii). Thus, Puttaswamy's request to amend is denied as futile. *See Kadva Patidar 42 Gam Samaj v. Cnty. of Riverside*, 777 F. App'x 215, 217 (9th Cir. 2019) (affirming the denial of an amendment request that was "futile" because the district court lacked "subject matter jurisdiction" over the proposed amended complaint).

In sum, the defense's motion to dismiss is **GRANTED**, and Puttaswamy's motion to amend is **DENIED**. Due to this Court's lack of subject-matter jurisdiction, Puttaswamy's claims are **DISMISSED** without prejudice. The Clerk must issue a judgment and close this case.

Dated: August 14, 2026

Hon. Andrew G. Schopler
United States District Judge